# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, BERG, and YOB
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JOSHUA D. PROCTOR**
**United States Army, Appellant**

ARMY 20100289

Seventh U.S. Army Joint Multi-National Training Command
Christopher T. Fredrikson, Military Judge
Lieutenant Colonel Frank A. Vila, Staff Judge Advocate (advice and recommendation)
Major Jerrett W. Dunlap, Acting Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Jonathan Potter, JA; Captain Kristen McGrory, JA (on brief).

For Appellee: Major Amber Williams, JA; Major LaJohnne A. White, JA; Lieutenant Colonel Paul J. Cucuzzella, JA (on brief).

7 December 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

BERG, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of violating a lawful general regulation, physically controlling a vehicle while impaired by marijuana, wrongful use of marijuana, wrongful possession of marijuana, wrongful use of dextroamephetamine, wrongful possession of destroamphetamine, wrongful distribution of 1-(3 chlorophenl)piperazine, wrongful distribution of 1-(3 chlorophenl)piperazine, wrongful possession with intent to distribute 1-(3 chlorophenl)piperazine, and wrongful possession of 1-Pentyl-3-(1-Naphthoyl)indol, in violation of Articles 92, 111, 112a, and 134, Uniformed Code of Military Justice, 10 U.S.C. §§ 892, 911, 912a and 934 (2008) [hereinafter UCMJ]. The military judge sentenced appellant to be reduced to the grade of Private (E1), confinement for twenty-seven months and a bad-conduct discharge. A pretrial agreement between the convening authority and the appellant limited confinement to twenty-four months. The convening authority approved only

so much of the adjudged sentence as extended to twenty-four months confinement, and a bad-conduct discharge.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which merits discussion and relief. This assignment of error notes an ambiguity in the addendum to the staff judge advocate's recommendation (SJAR). In paragraph 6 of the addendum, the acting staff judge advocate (SJA) recommended disapproval of the adjudged reduction to the grade of E-1, reasoning that it would be "duplicative" because appellant had already been reduced to E-1 two days before trial commenced as a result of Article 15, UCMJ punishment. In paragraph 7 of the Addendum the acting SJA stated that after carefully considering appellant's matters submitted under Rule for Court Martial (RCM) 1105, clemency was warranted. Nonetheless, the acting SJA recommended approval of the confinement to twenty-four months and the bad-conduct discharge, i.e., no effective reduction in any component of the sentence. The convening authority's action approved the recommendation and directed that, except for the bad-conduct discharge, it be executed.

## DISCUSSION

The government invites us to construe the acting SJA's recommendation and the convening authority's action disapproving the reduction to pay grade E-1 as a kind of "clemency." Alternatively, the government suggests that there may have been the mere typographical omission of the word "no" before "clemency." Appellant contends he was prejudiced by the acting SJA's misleading recommendation and thereby deprived of a "fair look."Appellant asks us to either grant "clemency" by reducing appellant's sentence to confinement only or remand the case for a new recommendation and action.

We note that appellant sought reduction of his sentence to confinement to twelve months and a setting aside of his punitive discharge but made no mention of his pay grade in his RCM 1105 submissions. Even without the adjudged reduction to E1, appellant would have remained at that grade because he had already been reduced to that grade by virtue of the earlier Article 15, UCMJ, punishment.[1]

The more rational course is to view the disapproval of the redundant reduction to E1 as correction of a legal error, albeit a modest one. We reject the government suggestion that this correction was clemency. "Clemency" is defined as:

---

[1] Article 58a, UCMJ, 10 U.S.C. 858a, has no impact in this case because its automatic, administrative reduction to E-1 applies only to an enlisted member "in a pay grade above E-1" who has a sentence approved by the convening authority that includes a punitive discharge or confinement.

1. A disposition to show mercy, especially toward an offender or enemy. See Synonyms at mercy.

2. A merciful, kind, or lenient act.[2]

*Accord*, *United States v. Healy*, 26 M.J. 394, 396 (C.M.A. 1988) ("[C]onvening authority may grant mercy . . ."). We cannot reconcile the correction of a minor legal error that has no significant impact on the sentence with the kind of mercy contemplated in RCM 1105(b)(2)(D) or the unfettered discretion accorded the convening authority to mitigate or disapprove a sentence under RCM 1107(d). We are somewhat more persuaded that a typographical error occurred or the acting staff judge advocate was confused in his characterization.

In response to appellant's prayer for relief we reiterate that we are not a court of clemency; Congress placed that authority fully in the hands of the convening authority as a "command prerogative." *Healy*, *supra*. Nor does it seem useful to set aside the recommendation and action on this sort of post-trial error and return the case for further action by a convening authority and staff judge advocate no longer familiar with appellant. *See* RCM 1106(d)(6). The guidance of our higher court suggests that we resolve this error by our discretionary authority under Article 66(c), UCMJ, to affirm only that portion of the sentence that we find correct.[3]

## DECISION

The findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence as provides for twenty-three months confinement and a bad-conduct discharge. We have also considered the matters personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

---

[2] The American Heritage® Dictionary of the English Language, (4th Ed. 2010 Houghton Mifflin Harcourt Publishing Company).

[3] Appellant's claim of colorable prejudice is arguable insofar as he received the benefit of his pretrial agreement and the convening authority had appellant's complete RCM 1105 matters before him before taking action but the threshold for prejudice is also correspondingly low. *United States v. Chatman*, 46 M.J.321, 323-24 (C.A.A.F. 1997).

PROCTOR – ARMY 20100289

Senior Judge Kern and Associate Judge Yob concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4